ROMANS v. HAY'S ADMINISTRATOR.

1. EVIDENCE: STATUTE CONSTRUED.  Section 3980 of the Revision of 1860, affects only the competency of the party or person in whose behalf an action is brought against an administrator of a decedent.
2. SAME.  The exclusion of the husband or wife, under ¿ 3984 Revision of 1860, relates only to the communications made by the one to the other during the continuance of the marriage.   It does not render the wife incompetent after the death of the husband as to matters which she knew of her own knowledge.
3. SAME.  In an action against an administrator for a sum claimed for boarding the wife of decedent, the wife is a competent witness.

*Appeal from Jasper District Court.*

FRIDAY, OCTOBER 18.

THIS action was commenced in the county court, to recover from the estate of Harwell Hays, deceased, a sum of money for the board, lodging, clothing &c., of his wife Elizabeth, after, as is alleged, her desertion by her said husband.

On the trial in October, 1860, she was offered as a witness by the plaintiff, to prove his account, was objected to, and the objection overruled. Defendant sued out a writ of error, and removed the proceedings into the District Court, relying for error upon the ruling in the admission of said testimony. The decision of the county court was reversed, and the cause remanded, from which plaintiff appeals.

*Lindley & Clark* for the appellant.

*Smith & Byers* for the appellee.

WRIGHT, J.—This case does not differ in any essential feature from that of *Bradley* v. *Kavanagh, ante.* There, the witness was the widow and executrix of the deceased, here she is the widow, but not the executrix. In this case, as in that, she is offered to testify of a transaction transpiring in the husband's life time, and it makes no difference that in that she give testimony as to the ownership of a horse, while in this she speaks of her desertion by her husband, and of support furnished during the time, by plaintiff; for it is her relation and the attitude of the parties which disqualifies, if at all, and not her interest in the subject matter of the recovery.

When the statute (§ 3982,) provides that "no person shall be allowed to testify," "where the adverse party is the executor, &c," it of course means, no one being a party, or in whose behalf the action is brought, within the meaning of § 3980. To give it any other construction, would lead to the absurd result, that no person could be a witness in a case, where one party was the executor of a deceased person.

The exclusion of the husband or wife, under § 3984, relates to communications made by the one to the other while married, and the inhibition continues after the relation ceases. This was not attempted in the case before us. The

witness was offered and testified of matters which she knew of her own knowledge, in every sense independent of her husband.

In our opinion, there is no rule of public policy justifying the exclusion of this testimony. Nor is there any provision of the statute rendering the witness incompetent.

Reversed.